UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Donald E. Curtis,                                        Case No. 3:23-cv-1815

        Plaintiff,

    v.                                                   ORDER

J. Castle, et al.,

        Defendants.

On September 18, 2023, Plaintiff filed his Complaint in this action asserting Defendants

violated the Fourth Amendment and 42 U.S.C. § 1985.[1]  (Doc. No. 1).  Pursuant to Local Rule 3.1,

this case was assigned to me and United States Magistrate Judge Darrell A. Clay – the single United

States Magistrate Judge in the Western Division of the United States District Court of the Northern

District of Ohio.

Plaintiff now objects to Judge Clay's assignment to the case.  (Doc. No. 4).  I reject this

objection and conclude Judge Clay was properly assigned as the magistrate judge on this case.  But I

note that I remain the District Judge on this case, and Judge Clay's duties are limited to those

defined in the Federal Magistrates Act, 28 U.S.C. § 636.

In turn, I also reject Plaintiff's objection to the extent he challenges Judge Clay's authority to

make a determination regarding Plaintiff's application to proceed *in forma pauperis*.  The Federal

Magistrates Act permits a district judge to designate a magistrate judge to discharge certain pretrial

---

[1] Plaintiff filed a "Correction Based on a Clerical Mistake pursuant to Fed. R. Civ. P. Rule 60(a)" noting that the action was initially classified by the Clerk as a 42 U.S.C. § 1983 action.  (Doc. No. 5). The docket now reflects that this is an action under 42 U.S.C. § 1985.

matters.  28 U.S.C. § 636(b)(1).  It also provides, "Each district court shall establish rules pursuant to which the magistrate judges shall discharge their duties."  28 U.S.C. § 636(b)(4).  The Northern District of Ohio has set forth a Rule regarding applications to proceed *in forma pauperis*, stating, "Determinations on such applications may be made by either the randomly assigned district judge or magistrate judge."  Local Rule 3.15.

Through this Rule, the Northern District of Ohio has designated the assigned magistrate judge of a case with the authority to determine the pretrial matter of whether a party may proceed *in forma pauperis*.  As the magistrate judge assigned to this case, Judge Clay has the authority to determine the sufficiency of Plaintiff's *in forma pauperis* application.  He exercised this authority when correctly concluding Plaintiff's application was insufficient because "[h]e did not attach a certified copy of his prison trust account statement" as required.  (Doc. No. 3).  Therefore, I affirm Judge Clay's Order and recognize his authority to issue such an Order.

As ordered by Judge Clay, Plaintiff must "either to pay the full fee of $ 402.00 or submit the accompanying Prisoner Affidavit along with a certified copy of his prison trust account statement for the last six months."  (*Id.*).  Judge Clay's deadline stands.  Plaintiff must comply within 30 days of Judge Clay's Order.  If Plaintiff fails to comply with his Order on or before October 27, 2023, this action will be dismissed without further notice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge